IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. BOBBITT, | )<br>) |
| Plaintiff, | )  Case No. 09 C 4554 |
| v. | )<br>)  Judge Virginia M. Kendall |
| DIRECTOR ANDREWS, CHESTER PLAXICO, DR. AVERY HART, A. COUTURY, and JANE DOES 1-4, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph L. Bobbitt ("Bobbitt") filed suit against Director Andrews ("Andrews"), Chester Plaxico ("Plaxico"), Dr. Avery Hart ("Hart"), A. Coutury, and Jane Does 1-4 (collectively "Defendants") pursuant to 42 U.S.C. § 1983. Bobbitt claims that the Defendants violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Defendants Andrews, Plaxico, and Hart move to dismiss Bobbitt's Second Amended Complaint for failure to state a claim upon which relief can be granted. For the following reasons, the Court grants their Motion to Dismiss.

## BACKGROUND

The following facts are taken from Bobbitt's Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). On November 2, 2005, Bobbitt was admitted to Cook County Correctional Center ("CCCC") as a pre-trial detainee. (Second Am. Compl. ¶ 21.) Bobbitt immediately informed the physician and physician's assistant of his various medical conditions and the medications he needed for those conditions. (Second Am. Compl. ¶ 22.) Upon arrival at the CCCC, physicians determined that

Bobbitt had high blood pressure and they prescribed Bobbitt numerous medications, including acetaminophen and hydrocodone, nifedipine, and enalapril. (Second Am. Compl. ¶ 23.) Bobbit, however, alleges that he never received these medications, and this deprivation caused pain and suffering that eventually culminated in a stroke in November 2005. (Second Am. Compl. ¶¶ 24-26.)

On January 3, 2009, Bobbitt was admitted again to CCCC as a pre-trial detainee. (Second Am. Compl. ¶ 29.) Bobbitt alleges that he informed a physician at the CCCC of his medical conditions and he received a written prescription for the necessary medication. (Compl. ¶¶ 30, 32.) Bobbitt, however, never received the medication. (Second Am. Compl. ¶ 34.) His attempts to inform Officers Shehan and Mason that he had an outstanding written prescription for medication were unsuccessful. (Second Am. Compl. ¶¶ 36, 37.) Bobbit then filed a grievance against the CCCC, but the CCCC never responded. (Second Am. Compl. ¶ 39.) On January 6, 2009, Bobbitt was transferred to Stateville Correctional Center ("Stateville"). (Second Am. Compl. ¶ 41.) Upon arrival at Stateville, medical personnel examined Bobbitt, gave him the overdue medications, and transported him to a hospital affiliated with Stateville. (Second Am. Compl. ¶ 42.)

Bobbitt alleges that Defendants had a duty to screen each entrant into CCCC and provide treatment for any prisoner facing a substantial risk of serious harm. (Second Am. Compl. ¶ 43.) He further alleges that Defendants failed to provide the required care even though they were aware that depriving him of his medication would cause serious harm. (Second Am. Compl. ¶ 45.) Finally, Bobbitt alleges that the Defendants' deliberate indifference did in fact cause serious harm, namely pain and suffering, blurry vision, nausea, light-headedness, and fear of having a stroke. (Second Am. Compl. ¶¶ 46, 47.)

## **STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts

alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Murphy*, 51 F.3d at 717. To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.*

## DISCUSSION

**I.     November 2005 Incident**

Andrews, Plaxico, and Hart move to dismiss Bobbitt's allegations relating to the alleged November 2005 constitutional violation because the two year statute of limitations for Section 1983 claims has expired. This argument is moot. Bobbitt admits that he does not seek damages from the November 2005 incident; rather, Bobbitt included the allegations from 2005 in the Second Amended Complaint to prove that Andrews, Plaxico, and Hart had notice in 2009 that depriving Bobbitt of his medications could cause serious harm. (R. 40, Pl.'s Resp. to Def.'s Mot. to Dismiss 4 n.1.) Thus, the Court will decide the Motion to Dismiss only based on the January 2009 incident.

**II.     January 2009 Incident**

Bobbitt's Second Amended Complaint alleges that Andrews, Plaxico, and Hart, in their individual capacities, violated his constitutional rights by denying him medical care and medication. As an initial matter, although Bobbitt's Second Amended Complaint contains no specific allegations

against the municipality under *Monell*, Bobbitt devotes a portion of his Response to Defendants' Motion to Dismiss to this point. Under *Monell*, a municipality may be sued under Section 1983 if the plaintiff can establish that the municipality had a policy, custom, or practice that inflicts constitutional harm. *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Here, the Second Amended Complaint contains no specific allegations referring to a policy, custom, or widespread practice that a municipality followed that resulted in the constitutional violation at issue. Bobbitt refers to Defendants' duty to more effectively screen prisoners and provide medical care, but he does not link this deficiency to a particular policy or custom. Further, the caption of the case does not include a municipality as a defendant. Bobbitt asserts *Monell* liability in his motion, but the Second Amended Complaint does not support this theory of liability.

This leaves the issue of whether Bobbitt states a claim establishing that Andrews, Plaxico, and Hart, in their individual capacities, violated his constitutional rights. Specifically, the Court must determine whether they were personally responsible for failing to provide Bobbitt his medications, and if this deprivation caused the resulting harm. Here, Bobbitt fails to link Andrews, Plaxico, or Hart to the constitutional deprivations he alleges. *See Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993). When individual defendants are mentioned only in the caption of the Complaint, but are not specifically connected to the alleged wrongdoing in the text of the Complaint, as is the case here, a plaintiff cannot state a proper claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In any event, the Court also finds that Bobbitt's Second Amended Complaint falls short of establishing an inference of deliberate indifference. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Deliberate indifference

has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The Court will assume for purposes of this motion that Bobbitt's need for treatment of his various health conditions constituted a "serious" medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -31 (7th Cir. 2007)[1] (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Bobbitt satisfies the objective component because a physician prescribed him medication for his conditions, and if left untreated, there was the risk of injury.

Bobbitt, however, has insufficiently pled the subjective component. To satisfy the subjective prong of deliberate indifference, the plaintiff must allege that the defendant was aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997); *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04. In other words, "the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known." *Qian,* 168 F.3d at 955. In this case, Bobbitt's Second Amended Complaint specifically alleges that, upon admission to the CCCC, he told the intake physician about his various health conditions. (Second Am. Compl. ¶ 30.)

---

[1] The Court is citing certain Eighth Amendment cases in this order. The same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999).

Bobbitt further alleges that he told Officers Shehan and Mason that the medical staff did not deliver the medication. (Second Am. Compl. ¶¶ 35, 36.) These facts alleged in the Second Amended Complaint indicate that certain employees at the CCCC knew about Bobbitt's health problems and his reliance on medication. The shortcoming, however, is that Bobbitt cannot connect this subjective knowledge with either Andrews, Plaxico, or Hart. Because of this deficiency, the allegations of deliberate indifference do not state a claim upon which relief can be granted.

Further, Bobbitt asserts that even if the Court dismisses his Second Amended Complaint against Andrews, Plaxico, and Hart, it should allow the action to go forward against Jane Does 1-4 because discovery requests are pending that could conceivably reveal their true identities. The Court grants Bobbitt's request to proceed with his claims against Jane Does 1-4. Plaintiffs can assert claims against unnamed defendants. *See, e.g., Bivens v. Six Unknown Named Agents*, 403 U.S. 338 (1971). This is permissible in a situation where a prisoner is unable to identify the proper defendants without pretrial discovery. *Billman v. Ind. Dept. of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995). Bobbitt has preliminary information about Jane Does 1-4, and has pending discovery requests to learn their proper identities. Given the rule in *Billman*, pretrial discovery is appropriate to determine their identities.

Finally, Andrews, Plaxico, and Hart seek dismissal of Bobbitt's claims under the Prison Litigation Reform Act ("PLRA"), which governs prisoner civil rights cases. Andrews, Plaxico, and Hart assert that Bobbitt's harm did not constitute a "physical injury" and therefore the PLRA bars recovery. The PLRA limits recovery in prisoner civil rights cases: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As stated above, Bobbitt's Second Amended Complaint fails to state a proper claim against

Andrews, Plaxico, and Hart, so it is not necessary for the Court to address the PLRA issue.

## **CONCLUSION AND ORDER**

Bobbitt has failed to allege a claim against Andrews, Plaxico, and Hart upon which relief can be granted, so the Motion to Dismiss is granted. The Second Amended Complaint is dismissed against Andrews, Plaxico, and Hart, without prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 29, 2010